Exhibit A

JUN 29 '06

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JUL 12 2006

IN RE: :
:
IDC CLAMBAKES, INC., :
: B.K. NO.: 05-12267
DEBTOR :
:

**CONSENT PROTECTIVE ORDER**

For the protection of confidential business, financial and proprietary information to be disclosed between or among the signing parties and any other persons or deponents providing responses to discovery (the "Parties") or during discovery concerning the claims of America Condominium Association, Inc., Capella South Condominium Association, Inc., Harbor Houses Condominium Association, Inc., and Goat Island South Condominium Association, Inc. (collectively, the "Condominium Associations"), pursuant to 11 U.S.C. §107(b)(1) and Bankruptcy Rule 9018, it is hereby ORDERED:

1. The Parties may designate as confidential (as defined herein) any document[1], thing, testimony[2] or other information or communication, including any response to any discovery request, and any such confidential material shall be treated as confidential and not be disclosed except as provided in this Protective Order.

---

[1] For the purposes of this Protective Order only, "document(s)" shall include, in addition to the meaning set forth in Rule 26(a), all information contained in any document or portion thereof, and all information provided in any response to interrogatories, requests to admit or other discovery requests.

[2] As used herein, "testimony" means any written or oral response to written or oral questions at any depositions, hearing or trial in this action, and all information contained in such testimony.

2. "Confidential Material", as used in this Protective Order, shall mean and include tax returns, financial information, and any other document, thing, testimony, material, information or communication, or any portion thereof, (collectively, "Material") that is designated as provided herein and that contains information that a Party alleges is a trade secret or is otherwise of a confidential or proprietary nature. Confidential Material shall also include notes that contain or refer to Confidential Material. Confidential Material shall not include Material that: (i) is already in the receiving party's possession, provided that such Material is not known by such party to be subject to another agreement or order requiring confidentiality; (ii) becomes available to the receiving party on a non-confidential basis from a source that is not known by the receiving party to be bound by a confidentiality agreement or order; (iii) is disclosed to the receiving party on a non-confidential basis in other legal proceedings, (iv) is now or hereafter becomes generally available except through the receiving party's fault; or (v) is independently developed by the receiving party without reference to the Material.

3. A designation of Confidential Material shall be made by affixing on such material (in such manner as will not interfere with the legibility thereof) the word: "CONFIDENTIAL." Material so designated shall be treated as Confidential Material according to the terms of this Protective Order, used only in connection with litigation in this Court between the Condominium Associations and the Debtor (the "Litigation"), and may not be disclosed in any other proceedings except to the extent that such Materials are produced in other proceedings and without violating a confidentiality agreement or order in such other proceedings. Such Confidential Material may be shown or disclosed only to the persons identified, and on the conditions described, in this Protective Order. No such designation shall be made except on the good faith belief that the Confidential Material contains trade secret or is otherwise of a

confidential or proprietary nature. Where information designated "CONFIDENTIAL" is a severable portion of a single identifiable document, e.g., responses to interrogatories, deposition transcripts, test reports, etc., such portion shall, where practicable, be designated "CONFIDENTIAL" and maintained separate and independent of the nonconfidential portions of such document for which there is no limitation on dissemination. Disclosure of a portion of any document shall not constitute or have the effect of waiving the confidentiality of the remainder of the document.

4. Confidential Material shall be retained by counsel for the party receiving it and shall be disclosed only to the Court (in accordance with Paragraph 5 of this Protective Order), to counsel for the Parties to this Protective Order (and to such counsel's partners, associates and employees who have a need to know such information), to appropriately designated experts retained by the Parties, *to wit*, accountants, appraisers and/or financial advisors, to other persons requested by counsel to furnish technical or expert services, or to give expert testimony with respect to the subject matter of this Litigation (collectively, "Designated Advisors"). Confidential Material may be disclosed to no more than two (2) client representatives ("Client Representatives") who will be identified to the producing party. Confidential Material shall be disclosed to Designated Advisors and Client Representatives only to the extent necessary to perform work or confer with counsel in connection with this case. If the parties are unable to agree, the number of Client Representatives may be increased by the Court for good cause shown. Designated Advisors and Client Representatives to whom disclosure is to be made shall be provided with a copy of this Protective Order and will be required as a condition precedent to disclosure to sign a Confidentiality Agreement in the form annexed hereto as Exhibit A. These executed Confidentiality Agreements shall be maintained by the Party's trial counsel of record

responsible for the disclosure to such Designated Advisors and Client Representatives and shall be available for inspection by counsel for the Parties.

5. Information or documents designated "CONFIDENTIAL" and any brief, memorandum, affidavit or other paper disclosing the contents or the subject matter of such material shall be filed with the Court, so that it can be segregated in the Court file and available only to persons bound by this Protective Order and not available by electronic access to the file.

6. The inadvertent or unintentional production of documents containing, or other disclosure of, Confidential Material without being designated "CONFIDENTIAL" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The inadvertent or unintentional production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon as reasonably possible after the producing Party becomes aware of the error.

7. During any deposition and for ten (10) business days after a copy of the deposition transcript has been made available to the Parties and the deponent, the contents of the deposition transcript and any notes of a deponents' responses shall be treated as "CONFIDENTIAL" under this Order. Within that ten (10) business day period, any Party or the deponent may designate all or any portion of the deposition transcript as "CONFIDENTIAL" making appropriate designation(s) in writing, as provided in this Protective Order, and served upon the Parties.

"CONFIDENTIAL" information shall, where practicable, be maintained separately and independently of the nonconfidential portions of the depositions.

8. The terms of this Protective Order shall apply solely to this Litigation and shall survive the final termination of the Litigation or until further Order of the Court.

9. Upon final termination of the Litigation, each Party and each person subject to this Protective Order shall assemble and return to the person supplying Confidential Material (including all copies or duplications thereof) exclusive of any notes or other attorney's work product that may have been placed thereon by counsel. Receipt of the Confidential Material returned to the supplier shall be acknowledged in writing.

10. This Protective Order is entered solely for the purpose of facilitating discovery in the Litigation and to minimize the Court's involvement with the discovery process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver, including waiver under the Rules of Evidence, by any party, Deponent or Discovery Entity, or of altering the confidentiality or nonconfidentiality of any such document or information, or of altering any existing obligation of any party or subscriber to this Protective Order.

11. If a receiving party disputes the designation of Confidential Material, it will seek resolution with the designating party without court action. If the parties are unable to resolve the designation within a reasonable period of time, a party may seek resolution from this Court, during which time the Material will remain Confidential Material.

12. If "Confidential Material" has been or is about to be disclosed in violation of this Protective Order, the Court may enter such relief, including but not limited to injunctive relief, as

it deems necessary or appropriate to prevent and remedy such violation. Any person who negligently, recklessly or willfully violates this Protective Order shall reimburse the party who designated the Confidential Material any and all damages and costs, including but not limited to attorney fees, consultant and expert fees, costs and interest, resulting from or in connection with such violation and any proceedings to prevent or remedy such violation.

BY ORDER:

Hon. Arthur N. Votolato
United State Bankruptcy Judge
Junexxxxxxxxxx2006
Date: 7/5/06

Entered as an Order of the Court on this 6th day of ~~June~~ July 2006.

L. Spaight
Clerk

Entered on Docket: 7/5/06

**CONSENTED and AGREED TO:**

IDC Clambakes, Inc.

By its Attorney

S. Michael Levin, Esq. (#3796)
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728

America Condominium Association, Inc., Capella South Condominium Association, Inc., Harbor Houses Condominium Association, Inc., and Goat Island South Condominium Association, Inc.

By their Attorneys,

William R. Grimm (#1938)
Charles D. Blackman (5522)
Hinckley Allen & Snyder LLP
1500 Fleet Center

Providence, RI 02903
Tel.: (401) 274-2000
Fax: (401) 277-9600

FRI-28704-0005-1 printed 03-12-07
The Federal Center
380 Westminster Street
Providence, RI 02903

016468 16468 1 AB 0.317 02903 4 9 5481-1-16666

Charles D. Blackman
Hinckley Allen & Snyder
1500 Fleet Center
Providence, RI 02903-2319