# EXHIBIT 6

F

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE Sc. SUPERIOR COURT

AMERICA CONDOMINIUM )
ASSOCIATION, ET AL )
VS. ) NC/99-0232
IDC CLAMBAKES, ET AL )

HEARD BEFORE THE HONORABLE JUSTICE STEPHEN NUGENT

BENCH DECISION

THURSDAY, NOVEMBER 10, 2005

APPEARANCES:

CHARLES BLACKMAN, ESQUIRE. . . . . . .FOR THE PLAINTIFF

MARK RUSSO, ESQUIRE. . . . . . . . . .FOR THE DEFENDANT

JOHN HARWOOD, ESQUIRE. . . . . . . . .FOR THE DEFENDANT

JOHN BOYAJIAN, ESQUIRE . . . . . . . .FOR THE TRUSTEE

Kristen F. Turner, RPR

Court Reporter

and it was stipulated on that tolling agreement entered into by the parties that it would be effective as I believe December 1st, '97.

Furthermore, the defendants in this case have presented evidence to show that Roos, as the sole shareholder and president of both Properties and Clambakes, received advice from his legal counsel at this time, Timothy More of Edwards and Angell, warning him of the potential claims against, and issues with his action, also as far as amending the condominium declaration, particularly Amendments 5 and 6. Also there's evidence in the record that Mr. Roos applied for and was denied, through counsel, title insurance from Chicago Title, and a letter by Michael Melian(sic) in which he stated as the grounds for the denial of the application for title insurance. And this was in December, I believe, of 1999, for essentially the same reasons, going to the validity of the condominium declarations that were cited by the Rhode Island Supreme Court, although the Rhode Island Supreme Court relied upon their ruling on those amendments illegal.

Ultimately, Mr. Roos gambled and lost. However, his gamble, in effect, paid off, because he gained eight years of operating a highly profitable business, which, in the Supreme Court's infinite wisdom, he does not have