UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Goat Island South Condominium Association, Inc. et al. Appellants and Cross-Appellees<br><br>v.<br><br>IDC Clambakes, Inc. Appellee and Cross-Appellant | C.A. No. 07-0049-S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

This matter comes before the Court on the appeal of Goat Island South Condominium Association, Inc., America Condominium Association, Inc., Harbor Houses Condominium Association, Inc., and Capella South Condominium Association, Inc. (collectively, the "Association"), and the cross-appeal of IDC Clambakes, Inc. ("Clambakes"), from an order of the Bankruptcy Court made in Chapter 11 proceeding BK No. 05-12267. The appeals arise from the following dispositions: (1) the Bankruptcy Court's decision to grant, in part, a motion for summary judgment purportedly filed by the Association, on the issue of whether Clambakes trespassed on Association property; and (2) the Bankruptcy Court's decision to grant, in part, the motion for summary judgment filed by Clambakes, on the issue of whether the Association is entitled to trespass damages. After hearing oral argument, the Court orders that the

decision of the Bankruptcy Court be vacated and this matter remanded for further proceedings consistent with the following:

(1) The Bankruptcy Court stated in its decision that it was granting, in part, a motion for summary judgment filed by the Association. The record shows that no such motion for summary judgment was filed. On remand, the Bankruptcy Court is instructed to ensure that any disposition of the issue of whether Clambakes trespassed on Association property comport with due process requirements, i.e. that any summary judgment be made only after notice is provided to, and briefing is received from, all parties;

(2) In finding that Clambakes trespassed on Association property, the Bankruptcy Court appears to have misapplied the elements of trespass. In Rhode Island, a party claiming trespass must show: "(1) the adverse party intentionally entered onto the owner's property; and (2) plaintiff had rightful possession of such property." Smith v. Hart, No. 99-109, 2005 WL 374350, *5 (R.I. Super. Mar. 1, 2005) (citing State v. Verrecchia, 766 A.2d 377, 382-83 (R.I. 2001)). The Bankruptcy Court, in applying the latter element, analyzed whether Clambakes, not the Association, had rightful possession of the Reserved Area, the property in question. On remand, the Bankruptcy Court should carefully adhere to the elements of trespass under Rhode Island law;

(3) If on remand the Bankruptcy Court determines that Clambakes trespassed on Association property, it should also

reconsider whether the Association's claim for trespass damages is precluded by either Am. Condo. Ass'n, Inc. v. IDC, Inc., 844 A.2d 117 (R.I. 2004) ("America I") or Am. Condo. Ass'n, Inc. v. IDC, Inc., 870 A.2d 434 (R.I. 2005) ("America II"). The America litigation involved declaratory judgment claims relating to the validity of condominium declaration amendments, a representative voting scheme, the ownership of disputed parcels, and control of the Goat Island South Condominium Association. It did not involve any claims of trespass, or appear to involve any issues related to trespass or damages flowing therefrom. If a state court decision is unclear as to what it actually decided, issue preclusion is likely to be improper. Thomas v. Contoocook Valley Sch. Dist., 150 F.3d 31, 43 (1st Cir. 1998). Given the apparent absence of trespass as an issue in the America litigation, the Court also questions the conclusion of the Bankruptcy Court as to whether any award of damages would constitute double recovery for a single tort. Lastly, the Court is not convinced, based on the cursory analysis provided by the Bankruptcy Court, that the "totality of the circumstances" is sufficient or proper grounds on which to deny the award of damages. While the Court stresses that it is not prejudging any of the aforementioned issues, it believes that the Bankruptcy Court should reconsider each of these issues, if necessitated by an affirmative finding on the issue of trespass liability, in light of this Court's comments and concerns.

The order of the Bankruptcy Court is vacated; this matter is remanded to that court for proceedings consistent with this order.

ENTER:

Doreen Baldwell
Deputy Clerk

IT IS SO ORDERED.

WESmith
William E. Smith
United States District Judge
Date: 2/8/08